IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL WILLIAMS,           ) | |
| ) | |
|    Plaintiff,                              ) | |
| ) | |
| v.                                                     ) | CIVIL ACTION NO. |
| ) | 2:07-cv-00963-WKW-TFM |
| FOLEY PIPE PRODUCTION COMP., ) | |
| BOB SAPONE AND STEVE VICK,     ) | |
| ) | |
|    **Defendants.**                         ) | |

**FOLEY PRODUCTS COMPANY'S ANSWER AND DEFENSES
TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Foley Products Company, incorrectly named as "Foley Pipe Production Comp." (hereinafter "Defendant"), and responds to the numbered paragraphs of Plaintiff's Complaint as follows:

1. Based upon information and belief, Defendant admits the allegations set forth in Paragraph 1 of Plaintiff's Complaint.

2. Defendant affirmatively avers that its proper legal name is Foley Products Company. Defendant denies the remaining allegations set forth in Paragraph 2 of Plaintiff's Complaint.

3. Defendant admits that Mr. Vick's position with Defendant is properly stated. Defendant denies any remaining allegations set forth in Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits that Mr. Sapone's position with Defendant is properly stated. Defendant denies any remaining allegations set forth in Paragraph 4 of Plaintiff's Complaint.

5. Based upon information and belief, Defendant admits that Plaintiff's residence is properly stated and further admits that Plaintiff was hired as a forklift operator in the month and year stated. Defendant denies any remaining allegations set forth in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that Plaintiff states properly the race of its Vice President of Operations, Chris Davidson, and Office Manager, Gwen Margaritondo. Defendant admits that Plaintiff was interviewed by Ms. Margaritondo and that Plaintiff was hired by Defendant. Defendant denies any remaining allegations set forth in Paragraph 6 of Plaintiff's Complaint.

7. Defendant admits that, while Plaintiff was employed with the Defendant, Mr. Sapone asked him if he was interested in operating the crane. Defendant denies the remaining allegations set forth in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits that, while it employed Plaintiff, at Mr. Sapone's request, Plaintiff worked the header cart. Defendant admits that a white male named Craig Mann operated the crane. Defendant denies the remaining allegations set forth in Paragraph 8 of Plaintiff's Complaint.

9. Defendant admits that, while Plaintiff was employed by Defendant, Plaintiff rotated through various jobs while training at the plant in Winder, Georgia, including MBK and "Robot." Defendant denies the remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits that white employees James McDonald and Patrick Adams operated the crane. Defendant denies the remaining allegations set forth in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that all of the employees training at the Winder, Alabama plant were told by Mr. Sapone and others that they would rotate through the various positions so that they would be "cross-trained." Defendant denies the remaining allegations set forth in Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits that Plaintiff was terminated on the date indicated. Defendant denies the remaining allegations set forth in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits that Plaintiff seeks to invoke the jurisdiction of the Court pursuant to the statutes cited. Defendant denies any remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendant restates its responses to the preceding paragraphs as if set forth verbatim herein.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendant restates its responses to the preceding paragraphs as if set forth verbatim herein.

19. Defendant denies the allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendant restates its responses to the preceding paragraphs as if set forth verbatim herein.

15.[second][1] Defendant denies the allegations set forth in Paragraph 15[second] of Plaintiff's Complaint.

---

[1] Plaintiff's Complaint contains duplicative paragraphs numbered 15, 16 and 17.

16.[second]   Defendant denies the allegations set forth in Paragraph 16[second] of Plaintiff's Complaint.

17.[second]   Defendant denies the allegations set forth in Paragraph 17[second] of Plaintiff's Complaint.

With respect to Plaintiff's prayer for relief, the unnumbered paragraph following Paragraph 17[second] of Plaintiff's Complaint, Defendant denies any wrongful, illegal or actionable conduct occurred and further denies that Plaintiff has suffered any injury or damage whatsoever and denies that he is due the relief requested or any other relief whatsoever.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

With respect to some or all of Plaintiff's claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD DEFENSE

Some or all of Plaintiff's claims are barred to the extent that Plaintiff requests relief exceeding that available under the law.

## FOURTH DEFENSE

All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory and reasonable business reasons that were in no way related to Plaintiff's race.

## FIFTH DEFENSE

With respect to some or all of Plaintiff's claims, Plaintiff has failed to timely and properly exhaust all administrative remedies.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of, or are inconsistent with, any charge of discrimination Plaintiff filed with the Equal Employment Opportunity Commission (EEOC).

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they were not presented to the EEOC in a timely fashion, to the extent that Plaintiff failed to file this action within ninety (90) days from the receipt of his notice of dismissal and right to sue and to the extent that the events alleged did not occur within the time frames prescribed by law under Title VII and applicable statutes, regulations and rules.

### **EIGHTH DEFENSE**

Plaintiff cannot prove any discriminatory conduct by Defendant; alternatively, even if Plaintiff could prove discriminatory conduct by Defendant, which Plaintiff cannot, Defendant would have made the same decisions and taken the same actions without regard to any alleged discriminatory motive.

### **NINTH DEFENSE**

Defendant has in place a clear and well-disseminated policy against the discrimination complained of by Plaintiff and maintains a reasonable and available procedure for handling complaints thereof, which provides for prompt and effective responsive action. To the extent Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendant, or to avoid harm otherwise, Plaintiff's claims are barred.

### **TENTH DEFENSE**

Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by the Defendant, Plaintiff has failed to mitigate or minimize his alleged damages.

### **ELEVENTH DEFENSE**

Plaintiff has failed to plead special damages with specificity as required by the Federal Rules of Civil Procedure; therefore, he is barred from any recovery of special damages.

## TWELFTH DEFENSE

Defendant engaged in good faith efforts to comply with the civil rights laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing that such conduct was not in violation of Title VII or §1981, and therefore, Plaintiff fails to state a claim for punitive damages.  See *Kolstad v. American Dental Association*, 119 S. Ct. 2118, 2129 (1999); *Hazen Paper Company v. Biggins*, 507 U.S. 604 (1993); and *Trans World Airlines v. Thurston*, 469 U.S. 111 (1985).

## THIRTEENTH DEFENSE

Defendant is not liable for punitive damages under federal law because neither Defendant, nor any of its employees sufficiently high in its corporate hierarchy, committed any act with malice or reckless indifference to Plaintiff's federally protected rights, or approved, authorized or ratified, or had actual knowledge, of any such acts.

## FOURTEENTH DEFENSE

Plaintiff's damages are barred in whole or in part by the doctrine of after-acquired evidence.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, acquiescence, consent, waiver, laches, justification and/or estoppel (equitable, judicial or otherwise).

## SIXTEENTH DEFENSE

Plaintiff cannot establish a violation of the 14th Amendment to the United States Constitution because, *inter alia*, Plaintiff has not alleged, nor can he allege or establish, that Defendant and/or any of its officers or employees are "state actors."

## SEVENTEENTH DEFENSE

Defendant denies every allegation, whether express or implied, that is not unequivocally and specifically admitted herein.

## EIGHTEENTH DEFENSE

Defendant reserves the right to assert additional affirmative defenses and defenses as may appear applicable during the course of this litigation.

WHEREFORE, the Defendant, Foley Products Company, Inc., respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice, award Defendant its costs and attorney's fees incurred in this action, and award Defendant any such other relief that this Court deems just and proper.

Respectfully submitted,


**s/Steven M. Stastny**
Steven M. Stastny – ASB-7803-S71S
**s/Susan W. Bullock**
Susan W. Bullock – ASB-2035-U81S
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone: (205) 244-5900
Facsimile: (205) 244-5901
E-mail: sstastny@fordharrison.com
E-mail: sbullock@fordharrison.com

Counsel for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Norman Hurst, Jr., Esq.
>462A Sayre Street
>Montgomery, AL 36104
>E-mail:  jrhrst@aol.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  N/A

>s/Susan W. Bullock
>OF COUNSEL

Birmingham:18560.1