IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NATHANIEL WILLIAMS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:07-cv-00963-WKW-TFM |
| FOLEY PIPE PRODUCTION COMP., ) | |
| BOB SAPONE AND STEVE VICK, ) | |
| ) | |
|     Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
**ON BEHALF OF DEFENDANTS SAPONE AND VICK**

Defendants Bob Sapone ("Sapone") and Steve Vick ("Vick") respectfully submit this memorandum of law in support of their Motion to Dismiss pursuant to Rule 12(b)(6). As separate and independent grounds for the granting of their Motion, Sapone and Vick show as follows:

**I.    INTRODUCTION**

Counts I and III of Plaintiff's Complaint purport to assert claims against Defendant Foley Products Company under Section 703 of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Count II of Plaintiff's Complaint is the only count lodged against Sapone and Vick alone, and it purports to assert a claim against these two individual defendants under 42 U.S.C. § 1985. Plaintiff's conspiracy claim under 42 U.S.C. § 1985 necessarily falls under subsection (3) of the statute

because subsections (1) and (2) are patently inapplicable[1] and therefore irrelevant to the conspiracy claim as Plaintiff plead it.  The elements of a cause of action under § 1985(3), which a plaintiff must plead to state a claim under this statute, are as follows:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott*, 463 U.S. 825, 828-829, 77 L. Ed. 2d 1049, 103 S. Ct. 3352 (1983); *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627-28 (11th Cir. 1992).  In addition to pleading the elements of a § 1985(3) claim, a plaintiff must allege "invidious discriminatory intent" on the part of the defendants.  *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).

II.   **ARGUMENT**

   A.   **Plaintiff Has Failed to Plead a Legally Sufficient Conspiracy Claim.**

"[C]onclusory, vague and general allegations of conspiracy may justify dismissal of a complaint." *Kearson v. Southern Bell Tel. & Tel. Co.*, 763 F.2d 405, 407 (11th Cir. 1985) (*per curiam*), *cited in Montford v. Moreno*, 2005 U.S. App.

---

[1] Subsection (1) prohibits conspiracy to interfere with a federal officer's performance of duties, and subsection (2) proscribes conspiracy to interfere with the federal court process.

LEXIS 10968 *22 (11th Cir. 2005). It is well established that a plaintiff asserting such a claim must plead material facts demonstrating that the defendants reached an agreement to violate his rights:

> In civil rights and conspiracy actions, courts have recognized that more than mere conclusory notice pleading is required. In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory. In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough to simply aver in the complaint that a conspiracy existed. A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy.

*Fullman v. Graddock*, 739 F.2d 553, 556-57 (11th Cir. 1984) (citations omitted).

In this case, Plaintiff merely alleges, in a "conclusory, vague and general nature," that Sapone, Vick and a Foley Products Vice-President named "Chris" conspired with one-another to deprive him of his "constitutional rights" and with respect to the terms and conditions of his employment. Complaint at §§ 6 [identifies "Chris"], 19-21. Furthermore, Plaintiff has failed to allege the requisite "invidious discriminatory intent," or any discriminatory intent whatsoever, on behalf of Sapone, Vick and the Foley Products Vice-President, "Chris."

The conclusory nature of Plaintiff's allegations of conspiracy and the failure to plead the requisite discriminatory intent are fatal to Plaintiff's assertion of a § 1985(3) conspiracy claim. *See, e.g., Montford*, 2005 U.S. App. LEXIS at *22-

23; *Godby v. Montgomery County Bd. of Educ.*, 996 F. Supp. 1390, 1412 (M.D. Ala. 1998) (Albritton, J.). As such, Plaintiff's § 1985(3) claim is due to be dismissed.

> B. **Plaintiff's § 1985(3) Conspiracy Claim is Due to Be Dismissed Pursuant to the Intracorporate Conspiracy Exception.**

Plaintiff's § 1985 conspiracy claim is also due to be dismissed based upon the intracorporate conspiracy exception. The alleged conspirators in this case are all Foley employees – Sapone, Vick, and a Foley Products Vice-President named "Chris." Complaint at §§ 3, 4, 6, 19 and 20. Foley Products' officers and employees are part of the same legal entity, and, therefore, cannot conspire with one another or Foley Products in a legally actionable manner.

A corporation cannot conspire with its employees insofar as they are acting for the corporation. A plaintiff thus fails to state a claim under § 1985(3) when he alleges that a conspiracy existed between a corporation and its employees, or between a company and one of its management executives: The Eleventh Circuit stated in *McAndrew v. Lockheed Martin Corp.*:

> The intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. Simply put, under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. The doctrine is based on the nature of a conspiracy and the legal conception of a corporation. It is by now

> axiomatic that a conspiracy requires a meeting of the minds between two or more persons to accomplish a common and unlawful plan. . . .

206 F.3d 1031, 1036 (11th Cir. 2000) (*en banc*). *See also Denny v. City of Albany*, 247 F.3d 1172, 1190 (11th Cir. 2001) (42 U.S.C. § 1985 claim barred by intracorporate conspiracy doctrine); *Arrington v. Eberhart*, 920 F. Supp. 1208, 1228-30 (M.D. Ala. 1996) (DeMent, J.), *aff'd* 111 F.3d 879 (11th Cir. 1997) ([a] claim of "conspiracy between the MCBOE and its employees . . . is not cognizable" because of the intracorporate conspiracy exception") (DeMent, J.); *cited in Godby*, 996 F. Supp. at 1412 (M.D. Ala. 1998) ("[T]he theory is that school board employees are parts of the same entity and, therefore, cannot conspire with one another.")  For this separate and independent reason, Plaintiff's § 1985(3) claim is due to be dismissed.

    **C.**    **Plaintiff Cannot Assert a § 1985(3) Claim Based Upon a Statutory Right.**

Section 1985(3) creates no substantive rights; it merely "provides a remedy for violations of the rights it designates." *Great Amer. Fed. Savings & Loan Ass'n. v. Novotny*, 442 U.S. 366, 372 (1979).  Therefore, § 1985(3) provides a civil cause of action only when another federal right (to equal protection of the laws or equal privileges and immunities under the laws) is breached by conspiracy in the manner defined by the section. *Id.* at 367.  Plaintiff's Complaint alleges that Defendants Vick and Sapone, along with Foley Products Vice-President "Chris," deprived him

of his "constitutional rights" and "conspired with one another to prohibit Mr. Williams from becoming a crane operator and in the terms and conditions of his employment." Complaint at ¶¶ 19-20.

### 1. Section 1985(3) May Not Be Invoked to Redress Violations of Title VII.

Binding Supreme Court precedent prohibits Plaintiff from pursuing a Title VII claim via § 1985(3). *Novotny*, 442 U.S. at 366-67. In *Novotny*, the Supreme Court held that a § 1985(3) claim could not be based on rights created by Title VII because that would allow a complainant to completely bypass the detailed administrative and judicial processes, "which play[] such a crucial role in the scheme established by Congress." *Id.* at 375-76. These processes include mandatory charge-filing with the Equal Employment Opportunity Commission ("EEOC"), stringent time limitations for administrative and judicial filings, and EEOC investigatory and prosecutorial power. *See* 42 U.S.C. § 2000e-5(a), (b), (c), (e), (f)(1). "Unimpaired effectiveness can be given to the plan of Title VII only by holding that deprivation of a right created by Title VII cannot be the basis for a cause of action under § 1985(3)." *Novotny*, 442 U.S. at 367. *Novotny*, therefore, bars any claim based on Title VII.

Plaintiff cannot raise a companion constitutional claim to save his § 1985(3) claim. The Eleventh Circuit Court of Appeals has distinguished cases where the same facts provide the basis for a Title VII claim *and* a § 1985(3) claim premised

upon rights created by the Constitution. *See, e.g., Dickerson v. Alachua Cty. Comm.*, 200 F.3d 761 (11th Cir. 2000); *Thigpen v. Bibb Cty.*, 223 F.3d 1231 (11th Cir. 2000). The plaintiff in *Dickerson* initiated a § 1985(3) claim premised upon Fourteenth Amendment rights to equal protection of the laws and due process, rather than upon rights created by Title VII, and the court held that *Novotny* was inapplicable. *Dickerson*, 200 F.3d at 766. In the case at bar, Plaintiff makes reference in his Complaint to his Fourteenth Amendment Rights and "Constitutional Rights," but he does not identify any constitutional right upon which his § 1985(3) claim could be based. Furthermore, any reliance on Constitutional rights is futile because Plaintiff has not alleged any Defendant to be a state actor and because no Defendant is a state actor. *See Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) (privileges and immunities of citizenship are protected only against state action). Therefore, Plaintiff's § 1985(3) claim is due to be dismissed because it fails to state a claim upon which relief can be granted to the extent it is based on alleged Title VII or Constitutional violations.

### 2. **Plaintiff's § 1985(3) Claims Based On Rights Conferred by § 1981 Fail to State a Claim.**

Plaintiff's attempt to pursue a § 1985(3) claim based on an alleged § 1981 violation fails for three reasons. First, the plain language of the statute and clear interpretation of it by the United States Supreme Court and the Circuit Courts clearly demonstrate that Plaintiff may not base a § 1985(3) claim on statutory

rights. Second, assuming, *arguendo*, that Plaintiff may base § 1985(3) claim on statutory rights, he certainly may not based it on statutes passed after § 1985(3) was enacted. Finally, the Supreme Court has recognized that § 1985(3) protects only two rights against a private conspiracy, and Plaintiff has not alleged violations of either of those rights.

### a. Section 1985(3) does not redress statutory-rights violations.

Section 1985(3) was simply not intended to redress statutory violations. In his concurring opinion in *Novotny*, Justice Powell stated that § 1985(3) should not be construed to provide a general remedy for the violation of statutory rights. *Novotny*, 442 U.S. at 379. Instead, "its reach is limited to conspiracies to violate those fundamental rights derived from the Constitution." *Id.* Justice Powell observed that the Supreme Court "has never held that the right to any particular private employment is a 'right of national citizenship,' or derives from any other right created by the Constitution." *Id.* at 380. He advocated a broader holding that would clarify the scope of the conspiracy statute "to make clear that this Civil War Era statute is intended to provide a remedy only for conspiracies to violate fundamental rights derived from the Constitution." *Id.* at 381.

Justice Powell's analysis is consistent with a plain reading of the statute. Section 1985(3) provides a cause of action for the deprivation of "the equal protection of the laws" and "equal privileges and immunities under the laws."

These are clearly constitutional rights. U.S. Const. Amend. XIV, §1 ("No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; . . . nor deny to any person within its jurisdiction the equal protection of the laws.") The use of constitutional terms demonstrates that Congress intended § 1985(3) to redress constitutional, not statutory, violations. The "central concern" of Congress in passing § 1985(3) was to "combat[] the violent and other efforts of the Klan and its allies to resist and to frustrate the intended affects of the Thirteenth, Fourteenth, and Fifteenth Amendments." *Scott, supra*, 463 U.S. at 837.

The Third Circuit has followed this reading of the statute in rejecting an attempt to base a § 1985(3) claim on an alleged § 1981 violation. In *Brown v. Phillip Morris, Inc.*, 250 F.3d 789 (3rd Cir. 2001), African-Americans brought a civil rights action under § 1981 and § 1982 against tobacco companies on behalf of a class of all living black Americans who had purchased or consumed mentholated tobacco products since 1954, contending that the companies had targeted the marketing at African-Americans. But the Third Circuit observed that, "because such [§1981] rights--which entail freedom from discrimination by a private actor-- are statutorily enacted, rather than of purely constitutional provenance, they cannot be vindicated under §1985(3)." *Id.* at 805.

Plaintiff's predicating his § 1985(3) claim on a non-constitutional violation contravenes Supreme Court and Circuit Court authority, as well as a plain reading of the statute. Therefore, to the extent he bases his § 1985(3) claim on an alleged § 1981 violation, the same is due to be dismissed for failure to state a claim.

### b. Section 1985(3) does not redress violations of statutory rights not yet created at the time of its enactment.

Even assuming that § 1985(3) applies to statutory, and not just constitutional, rights, other precedent demonstrates that it cannot be used to redress violations of statutes not yet enacted when Congress created this claim in 1866. Concurring with the majority decision in *Novotny*, Justice Stevens opined that, where discrimination is not prohibited by the Constitution itself, it cannot be the basis for a § 1985(3) claim. *Novotny*, 442 U.S. at 385. Justice Stevens observed that the right to be free from discrimination by private parties is a statutory right that was created almost a century after § 1985(3) was enacted: "[b]ecause I do not believe that [§1985(3)] was intended to provide a remedy for the violation of statutory rights – let alone rights created by statutes that had not yet been enacted – I agree . . . that it does not provide . . . redress for [such] injuries." *Id.*

Because § 1985(3) is remedial, not substantive, in nature, it cannot be said to provide a remedy for those substantive rights not yet created at its enactment. Had Congress intended otherwise, it would have plainly stated so. *See Robinson v.*

*Shell Oil Co.*, 519 U.S. 337, 340-41 (1997) (discussing principles of statutory construction); *Greyhound Corp. v. Mt. Hood Stages, Inc.*, 437 U.S. 322, 330 (1978)(same). Moreover, there is no legislative history manifesting any such intent on the part of Congress.

Although § 1981 and § 1985(3) were both passed as part of the Civil Rights Act of 1866, § 1981 was amended in 1991 when Congress greatly expanded the statute's reach to cover the type of "terms and conditions of employment" conduct Plaintiff alleges here. Prior to 1991, the Civil Rights Act of 1866 was strictly interpreted to apply only to the "making" and "enforcement" of contracts. *See Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975); *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989), superceded on other grounds by statute, Civil Rights Act of 1991. It did not apply to claims arising from the incidents or conditions of employment, such as failure to promote or discrimination. *See id.* But the Civil Rights Act of 1991 changed § 1981's application and specifically included such claims within the parameters of the statute. The term "make and enforce contracts" in § 1981 now includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Plaintiff's claims fall within the 1991 amendments. He alleges that Foley Products discriminated against him because of his race with regard to "becoming a crane operator and in the terms and conditions of his employment" and "according white employees with better treatment with respect to job duties, time off, and disciplinary actions." Complaint at ¶¶ 20-21. Because this conduct was not statutorily prohibited until long after the enactment of § 1985(3), that statute cannot be said to provide a remedy for Plaintiff's discrimination claims. For this second reason, therefore, Plaintiff fails to state a claim basing his § 1985(3) count on an alleged § 1981 violation, and the same is due to be dismissed for failure to state a claim.

        c.      **Section 1985(3) does not redress violations of rights that are not predicated on the right to be free from involuntary servitude or the right to interstate travel.**

Plaintiff may not base his § 1985(3) claim on alleged violations of § 1981 because the Supreme Court has not recognized § 1981 employment rights as protected against a private conspiracy. The only two rights the Court has thus far recognized as a foundation for a § 1985(3) private conspiracy claim are the Thirteenth Amendment right to be free from involuntary servitude and the right to interstate travel. *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 278 (1993). The right to be free from discrimination in private employment is not among these. In *Bray*, the Court held that, in order to prove a private conspiracy

under § 1985(3), a plaintiff must show (1) that some racial, or perhaps otherwise class-based, invidiously-discriminatory animus lay behind the conspirators' actions; and (2) that the conspiracy is aimed at interfering with rights that are protected against private encroachment. *See id.* These requirements are necessary to limit the clause to its intended, constitutional purpose and prevent its use as a "general federal tort law." *Griffin*, 403 U.S. at 1798.

The First, Third, Sixth, and Tenth Circuits have all adopted the § 1985(3) limitations set forth by the Supreme Court. In *Tilton v. Richardson*, 6 F.3d 683, 686-87 (10th Cir. 1993), the Tenth Circuit held that Tilton failed to state a claim under § 1985(3) when he alleged that the defendants violated his First, Fifth, and Fourteenth Amendment rights by infringing upon his right of free speech. Relying on *Bray*, the Tenth Circuit reasoned that the right to free speech is not protected against private infringement and, thus, is not one of the rights protected under § 1985(3). *Id.*

Similarly, in *Libertad v. Welch*, 53 F.3d 428, 446-47, n.15 (1st Cir. 1995), the First Circuit, relying on *Bray*, found that women seeking to exercise their Constitutional right to obtain abortions were not a class protected by either the right to be free from involuntary servitude or the right to interstate travel. The First Circuit rejected their § 1985(3) claim on that basis.

The Sixth Circuit dismissed a plaintiff's First and Fourteenth Amendment conspiracy claims on a Rule 12(b)(6) motion, finding that these were not rights protected against private encroachment in *Sanders v. Prentice-Hall Corp.*, 178 F.3d 1296, 1999 WL 115517 (6th Cir. 1999) (unpublished opinion). The Court also dismissed Sanders' conspiracy claims based on the Thirteenth Amendment because he had not alleged that he was forced to work for the defendant by threat of either physical force or legal action. *See id.*

Finally, and perhaps most importantly, the Third Circuit recently rejected an attempt to base a § 1985(3) claim on a § 1981 allegation. *Brown*, 250 F.3d at 806. The *Brown* plaintiffs argued that the defendants' alleged violations of § 1981 and § 1982 supported their § 1985(3) claim. The Court rejected that argument based on the overwhelming authority supporting the traditional limitation of § 1985(3) to matters of interstate travel and involuntary servitude. *Id.* The Court also found that the contract and property rights protected by § 1981 and § 1982 do not fall within the category of "involuntary servitude" violations that may support a § 1985(3) claim.

Although the Eleventh Circuit has not written to this issue, the weight of Supreme Court and Circuit Court precedent suggests that Plaintiff may not base a § 1985(3) claim on an alleged § 1981 violation where it is not predicated on the right to be free from involuntary servitude or the right to interstate travel. Indeed,

two post-*Brown* District Court decisions from the Northern District of Georgia, one of which was affirmed by the 11th Circuit, without opinion, have held the same. *Benton v. Cousins Properties, Inc.*, 230 F. Supp. 2d 1351, 1383-84 (N.D. Ga. 2002), *aff'd* 97 Fed. Appx. 904 (11th Cir. Feb. 17, 2004) (Table); *Ayers v. Intown Suites Management, Inc.*, 2006 U.S. Dist. LEXIS 17280 *15-16 (N.D. Ga. 2006) ("This court, relying on *Brown* and *Benton* concludes that Plaintiff cannot use 42 U.S.C. § 1985(3) as a vehicle for bringing a 42 U.S.C. § 1981 claim.")

Plaintiff claims that he was discriminated against because of his race in violation of § 1981 with respect to the terms and conditions of his employment. Complaint at ¶¶ 20-21. These are simply not rights that the Supreme Court has found to be protected against private conspiracies. Therefore, to the extent that Plaintiff bases his § 1985(3) claim on an alleged § 1981 violation, it must be dismissed for failure to state a claim.[2]

### III. CONCLUSION

The dismissal of Plaintiff's § 1985(c) conspiracy claim on the separate and independent grounds set forth above is especially compelling in light of the

---

[2] Even if Plaintiff argued that his conspiracy claim sought redress for Fourteenth Amendment violations, it still would not be viable. The privileges and immunities of citizenship, such as the right to due process of law and the right to equal protection of the laws, encompassed in the Fourteenth Amendment, are protected against only state action. *See Shelley, supra*, 334 U.S. at 13; *Sanders*, 178 F.3d at **6-7. Private persons who engage in purely private acts of discrimination do not violate the Equal Protection Clause of the Fourteenth Amendment. *See id.* While § 1985(3) does not require that a defendant act under color of state law, Plaintiff still has no claim for relief based on a violation of the Fourteenth Amendment since there has been no involvement by the State, or a State actor, as set forth above.

Supreme Court's recent decision regarding a dismissal in a § 1 Sherman Act "contract, combination, or conspiracy" claim under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). *Twombly* abrogates the time-worn "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) in favor of a plausibility test incorporating Rule 8(a) – that the factual allegations supplied must show a plausible right to relief. *Twombly*, 127 S. Ct. at 1964-67. Thus, a complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. *Id.* at 1969. (citations omitted). Because Plaintiff's Complaint has failed to allege facts to establish the elements of a plausible § 1985(3) conspiracy claim, the claim is due to be dismissed.

Respectfully submitted,

**s/Steven M. Stastny**
Steven M. Stastny – ASB-7803-S71S
**s/Susan W. Bullock**
Susan W. Bullock – ASB-2035-U81S
FORD & HARRISON LLP
2100 Third Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone:  (205) 244-5900
Facsimile:  (205) 244-5901
E-mail:  sstastny@fordharrison.com
E-mail:  sbullock@fordharrison.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Norman Hurst, Jr., Esq.
>462A Sayre Street
>Montgomery, AL 36104
>E-mail:  jrhrst@aol.com

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:  N/A

>s/Steven M. Stastny
>OF COUNSEL

Birmingham:18752.1